UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Lindsay Cadrin,<br><br>               Plaintiff,<br>v.<br><br>Monterey Financial Services, Inc.; and DOES 1-10, inclusive,<br><br>               Defendants. | Civil Action No.: _____<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Lindsay Cadrin, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Lindsay Cadrin ("Plaintiff"), is an adult individual residing in Webster, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Monterey Financial Services, Inc. ("Monterey"), is a California business entity with an address of 4095 Avenida De La Plata, Oceanside, California 92056,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Monterey and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Monterey at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $1,005.00 (the "Debt") to Zales (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Monterey for collection, or Monterey was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Monterey Engages in Harassment and Abusive Tactics

12. In August, 2012, Monterey began placing up to six calls a day, every day, to Plaintiff's cellular telephone line in an attempt to collect the Debt.

13. Plaintiff informed Monterey that she had lost her job and could no longer make payments. Plaintiff added that she had consulted a debt consolidation agency and that the agency would contact Monterey to make payment arrangements.

14. In its response Monterey falsely stated that it did not conduct business with debt consolidation entities and continued to demand that Plaintiff make a payment.

15. As a matter of fact, Plaintiff confirmed with the consolidation agency that it conducted business with Monterey.

16. On or around August 23, 2012, Plaintiff informed Monterey that she had retained services of an attorney and instructed Monterey to forward all future communication to her attorney.

17. Monterey accused Plaintiff of not caring about paying the Debt and, despite Plaintiff's requests to cease calls, continued to place collection calls to Plaintiff up to six times a day.

18. Earlier in time when Monterey began collecting on the Debt, Plaintiff had agreed to a payment plan and authorized Monterey to withdraw payments from her checking account.

19. After Plaintiff lost her job, she requested that Monterey cease debiting her bank account.

20. Despite Plaintiff's request, Monterey attempted to debit Plaintiff's bank account.

C. **Plaintiff Suffered Actual Damages**

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

23.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

25.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

26.     The Defendants' conduct violated 15 U.S.C. §1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of any debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

29.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

33. Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

34. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

35. The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

36. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

37. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

38. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: September 11, 2012

> Respectfully submitted,
>
> By  /s/ Sergei Lemberg
>
> Sergei Lemberg (BBO# 650671)
> LEMBERG & ASSOCIATES L.L.C.
> 1100 Summer Street, 3rd Floor
> Stamford, CT 06905
> Telephone: (203) 653-2250
> Facsimile:  (203) 653-3424
> Attorneys for Plaintiff